IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


**JOSEPH WILKINS,**

    **Plaintiff,**

**vs.**                                            **Case No. 16–cv–1324-DRH**

**OVERALL,
ETCHESON,
SETH,
FOSTER, and
JOHNSON,**

    **Defendants.**


<u>**MEMORANDUM AND ORDER**</u>

**HERNDON District Judge:**

    Plaintiff Joseph Wilkins, a former inmate of Vandalia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests monetary damages, fees, and costs. Prior to filing this suit, plaintiff was released from prison, meaning that he is no longer a "prisoner" under 28 U.S.C. § 1915A. However, he has been granted leave to proceed in forma pauperis, and so the Court will screen this case pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides:

> Not withstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal --
> i. is frivolous or malicious;
> ii. fails to state a claim on which relief may be granted; or
> iii. seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915(e)(2)(B); portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff entered the custody of the Illinois Department of Corrections on September 24, 2015. (Doc. 1, p. 6). He underwent a medical and dental screening examination at the Northern Reception Center at Stateville Correctional

Center. *Id.* Plaintiff alleges that the screening showed that he needed to have a tooth extracted on an emergency basis. *Id.* Plaintiff stayed at Stateville for approximately 45 days, during which time he received no emergency dental or medical care, including pain medication. *Id.*

Plaintiff was transferred to Vandalia Correctional Center on November 4, 2015. (Doc. 1, p. 7). Plaintiff immediately submitted requests to medical and dental personnel outlining his need for emergency dental treatment. *Id.* Plaintiff continued to submit requests to no avail; he eventually filed a grievance on the matter. *Id.*

Defendant Overall, the dentist, and Etcheson, the dental assistant, then retaliated against plaintiff for filing grievances. (Doc. 1, p. 8). Specifically Overall and Etcheson denied plaintiff pain medication for a period of 45 days. *Id.* Plaintiff also alleges that he needed teeth extracted, and Overall and Etcheson failed to provide plaintiff with treatment or refer him to an outside specialist, despite knowing from plaintiff's complaints and records that he needed emergency care. *Id.* Plaintiff alleges he was denied dental care from September 24, 2015 until March 1, 2016, although his complaint also states that he was denied care again on March 21, 2016. (Doc. 1, p. 9). Plaintiff elsewhere in his complaint implies that he was seen around March 1, and given pain medication and antibiotics, but that the medication ran out in approximately 2 weeks, although the timeline of treatment is unclear from the complaint. (Doc. 1, p. 12).

3

On March 21, 2016, plaintiff reported to the health care unit in order to be seen by the dentist for his emergency dental needs. (Doc. 1, p. 10). At this time, he had run out of the 400 mg of Motrin he had been prescribed to address his complaints of pain. *Id.* When he arrived at the dentist, Nurse Seth refused to let him see the dentist and acted in an unprofessional matter. *Id.* Plaintiff then appealed to Officer Hahn, who was sitting at the desk in the health care unit. *Id.* Hahn also refused to allow plaintiff to see the dentist. *Id.* Hahn allegedly told plaintiff: "I don't give a fuck," and that if it were up to him, plaintiff would receive medication that deprived him of consciousness. (Doc. 1, p. 11). Plaintiff retorted that he also "didn't give a f," and that he would name Hahn in a lawsuit. *Id.* Plaintiff was escorted back to his cell without seeing the dentist. *Id.* He was then escorted to segregation due to a disciplinary report, which made his pain worse. *Id.*

Plaintiff wrote a grievance and gave it to Warden Foster while in segregation about Hahn and Seth's conduct. (Doc. 1, p. 13). Despite receiving this grievance, Foster did not intervene in plaintiff's medical care to ensure that plaintiff received dental treatment. *Id.*

Plaintiff alleges that healthcare administrator Mary Johnson is responsible for the actions of medical personnel under her supervision. (Doc. 1, p. 14).

## **Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into 6 counts. The parties and the Court will use these

4

designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1** – Overall and Etcheson retaliated against plaintiff for filing grievances by deliberately delaying dental treatment and medication for plaintiff's emergency dental needs, pain, and suffering in violation of the First Amendment;
>
> **Count 2** – Seth and Hahn were deliberately indifferent to plaintiff's serious medical needs when they refused to allow him to see the dentist to acquire more pain medication after his pain medication ran out;
>
> **Count 3** – Overall, Etcheson, and Foster were deliberately indifferent to plaintiff's serious dental needs when they ignored his request slips for treatment, delayed treatment, refused to prescribe him pain medication, and refused to pull his teeth on an emergency basis.

Plaintiff has also attempted to bring other Counts, but for the reasons elucidated below, these claims do not survive threshold review.

> **Count 4** – Medical and dental staff at the Northern Reception Center at Stateville Correctional Center were deliberately indifferent to plaintiff's dental emergency when they failed to offer him any care while he was held there between September 24, 2015 and November 4, 2015 in violation of the Eighth Amendment;
>
> **Count 5** – Staff at Vandalia Correctional were deliberately indifferent to plaintiff's dental emergency when they ignored the request slips he submitted upon arrival at Vandalia Correctional Center on November 4, 2015 in violation of the Eighth Amendment;
>
> **Count 6** – Mary Johnson was responsible for the neglect and delay of medical personnel under her supervision in violation of the Eighth Amendment.

As an initial matter, the Court notes that plaintiff is a proliferative filer, who by his own count has filed at least 17 lawsuits. It appears that 3 of these lawsuits have accrued "strikes" pursuant to the Prison Litigation Reform Act ("PLRA"). If

plaintiff had been incarcerated at the time he filed suit, the strikes would bar these claims. However, as plaintiff had been released prior to suit, the PLRA no longer applies and this case will not be dismissed on that ground.

As to plaintiff's **Count 1**, to succeed on a First Amendment Retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). In the prison context, where an inmate is alleging retaliation, it is not enough to simply state the cause of action. The inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim; and in a claim for retaliation, the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Id.*

In this case, although they are vague, plaintiff's allegations are sufficient to survive threshold review. Plaintiff alleges that when his request went unanswered, he filed grievances against Overall and Etcheson, and that his care was further delayed as a direct result. Plaintiff has thus properly alleged that he engaged in protected conduct by filing grievances. It is also plausible that the delay of needed emergency care and access to pain medication would deter First Amendment

activity in the future. Plaintiff has also alleged that his grievance activity was responsible for the delay in extracting his teeth. This is sufficient to state a retaliation claim, and **Count 1** shall proceed.

Turning now to **Count 2**, in order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Here, plaintiff has alleged that he suffered from chronic and serious pain as a result of teeth that needed extraction. Emergency dental needs are considered a

7

serious medical condition under the Eighth Amendment. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). Plaintiff has further alleged that IDOC employees universally knew of this condition because he informed them upon arrival and sent numerous requests slips regarding his teeth. He has alleged that he was given pain medication and antibiotics on one dentist visit and specifically instructed that he was to return on an emergency basis if the medication ran out. Plaintiff alleges that he attempted to do just that, but was thwarted by Hahn and Seth. Plaintiff alleges that both Hahn and Seth knew that he was in pain and needed to see the dentist, but refused to do anything. This is sufficient to state a deliberate indifference claim at the pleading stage.

However, Hahn will be dismissed without prejudice because plaintiff has failed to include him in the case caption or the list of defendants pursuant to Federal Rule Civil Procedure 10. *See also Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Should plaintiff wish to proceed on this claim against Hahn, he must file an amended complaint that includes Hahn among the defendants. As he has not done so here, Hahn will be dismissed without prejudice from **Count 2**.

**Count 3** survives threshold review and shall proceed against Overall and Etcheson. Plaintiff also alleged that Overall and Etcheson knew that plaintiff had an emergency dental condition, but rather than treating him, they delayed and

refused to promptly schedule an extraction. Plaintiff was also told that he needed to buy pain medication on his own from the commissary. On these facts, plaintiff has stated a plausible claim against the dental staff at Vandalia Correctional Center. Plaintiff has also articulated a claim against Forster, the Warden. As the Seventh Circuit has recently made clear, when an official is alerted to an excessive risk to inmate health or safety through a prisoner's grievances, refusal to exercise the authority of his or her office may demonstrate deliberate indifference. *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). As plaintiff has alleged that he directed a grievance outlining the alleged deliberate indifference of the staff to Forster and Forster did nothing, Plaintiff has made a plausible allegation of deliberate indifference. Count 3 will proceed against Forster, Overall, and Etcheson.

However, the remainder of plaintiff's claims must be dismissed. **Count 4** will be dismissed because, as discussed above, plaintiff did not name any medical care providers at Stateville Correctional Center in his caption or in the list of defendant, either by name or John/Jane Doe designation. But more importantly, venue is not appropriate in this district for claims that arose at Stateville because Stateville is located in the Northern District of Illinois. 28 U.S.C. § 1391(b); 28 U.S.C. § 93(c). If plaintiff wishes to bring claims related to events that occurred at Stateville, he should file a complaint identifying the relevant parties as defendants in the Northern District of Illinois. 28 U.S.C. § 93(c). **Count 4** is dismissed without prejudice to plaintiff refiling those claims in the Northern District.

9

**Count 5** will be dismissed without prejudice for vagueness.  In plaintiff's complaint, he explicitly broke this claim into its own count, but he has not described or identified the defendants in this claim other than "medical and dental personnel."  He does not explicitly identify, either by name or description, who he believes harmed him in this count or give specific times and dates when the harm allegedly occurred.  Plaintiff must make plausible allegations against individuals.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding that a complaint must describe "more than a sheer possibility that a defendant has acted unlawfully"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").  When a plaintiff does nothing but state that a group of medical providers harmed him without providing more, all he has done is establish that there is a "sheer possibility" that someone in that group harmed him.  That is, plaintiff may not know the name of individual defendants, but he must describe the "who, what, why, where, and how" that form the basis of the claim against that person.  To allow otherwise would be effectively allowing Plaintiff to amend his complaint further at will without review of this Court, a result contrary to the local rules.  As plaintiff has named specific medical providers in his other counts, allowing this claim to proceed would also have the effect of potentially allowing duplicative claims in the same lawsuit.  If plaintiff wishes to proceed with **Count 5**, he should file an amended complaint that identifies and distinguishes others who potentially

ignored his requests for treatment. Without that specificity, this claim is nothing more than speculation, and accordingly, it is dismissed without prejudice.

Next, **Count 6** must be dismissed with prejudice because plaintiff has made it clear that liability for this claim is based on a theory of respondeat superior. Specifically, he has stated that Johnson neglectfully permitted plaintiff to go untreated by medical personnel under her supervision. But § 1983 liability requires personal involvement. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff has not alleged that Johnson was personally involved in his care, or that she even knew about the relevant chain of events. This is insufficient, and **Count 6** will be dismissed with prejudice to any claims based on the doctrine of respondeat superior.

As a final matter, the Court notes that plaintiff has named all of the defendants in their individual and official capacities. All claims against the defendants in their official capacities should be considered dismissed. Individuals are not "persons" in their official capacities under § 1983 for the purposes of this suit. Plaintiff can only bring claims against individuals that were

11

personally involved in the deprivation of which he complains. The only time it is appropriate to name a defendant in his or her official capacity is when a plaintiff seeks injunctive relief.  *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).  In that case, a plaintiff need not allege any specific involvement and it is irrelevant whether the party participated in the alleged violations.  *Id.* (citing *Houston v. Sheahan*, 62 F.3d 902, 903 (7th Cir. 1995); *Ogden v. United States*, 758 F.2d 1168, 1177 (7th Cir. 1985)).  Here, however, plaintiff has been released from prison and is not under the custody or control of any defendant.  He is therefore ineligible for injunctive relief in this case.  There being no reason to include any claims against any defendant in his or her official capacity, those claims are dismissed with prejudice.

## Pending Motions

Since filing this case, plaintiff has filed numerous motions with the court.  Plaintiff's motion to appoint counsel is referred to the magistrate judge assigned to this case.  (Doc. 2).  Plaintiff has also filed a motion "to Rule by Mail & Telephone Conference," which requests that hearings and conferences be conducted by telephone.  (Doc. 6).  Although the request is reasonable, there are no hearings currently pending, and so the motion will be **DENIED** without prejudice.  (Doc. 6).  Plaintiff may refile the motion should an in-person hearing be scheduled.  (Doc. 6).

On December 9, 2016, plaintiff filed a motion "to Close Discovery and Volintary [sic] Submission of Discovery."  (Doc. 3).  In that motion, plaintiff

alleges that he has submitted all of the discovery in his possession, and he does not need any discovery from defendants. (Doc. 3). He therefore asks for the Court to close discovery and immediately rule on the merits and/or set this case for trial. (Doc. 3). On January 6, 2017, he filed a motion for summary judgment, which essentially repeats his request that discovery be closed and the Court issue a ruling on the merits of this case immediately. (Doc. 5). On that same day, plaintiff filed a motion "for Clarification Pertaining to Close of Discovery." (Doc. 7). In that motion, plaintiff concedes that defendants may need time to conduct discovery on their own, and amends his request that discovery be closed immediately to requesting that defendants be granted 30 days to conduct discovery. (Doc. 7). On January 17, plaintiff filed a motion to amend medical records, in which he alleges that the medical records previously submitted need to be amended. (Doc. 11). No medical records were submitted with that motion.

Plaintiff's motion to withdraw his motion for summary judgment is **GRANTED**. (Doc. 12). Plaintiff's motion for summary judgment is **WITHDRAWN**. (Doc. 5). As to plaintiff's discovery motions, no defendant has yet been served in this case, and it is inappropriate for the Court to rule on matters that affect defendants without giving them a chance to respond. The Court also enters a scheduling order in these types of cases that sets a cut-off for the discovery period. The Court typically does not shorten the discovery period, but if plaintiff has a problem with the scheduling order, the time for him to raise that issue is after defendants have answered and the scheduling order has been

13

entered.  The Court therefore **DENIES** plaintiff's discovery-related motions as premature.  (Doc. 7) (Doc. 11).

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1-3** survive threshold review. **Count 4** is **DISMISSED** without prejudice to plaintiff filing a complaint in the Northern District of Illinois, where venue for that claim lies.  **Count 5** is **DISMISSED** without prejudice.  **Count 6** is **DISMISSED** with prejudice.  Mary Johnson is **DISMISSED** with prejudice.

Plaintiff's Motion for summary judgment is **WITHDRAWN**.  (Doc. 5). Plaintiff's motion to rule by mail and telephone is **DENIED** without prejudice. (Doc. 6).  Plaintiff's motion for clarification pertaining to close of discovery and motion to amend medical records are **DENIED**.  (Doc. 7) (Doc. 11).  Plaintiff's motion to withdraw the motion for summary judgment is **GRANTED**.  (Doc. 12).

**IT IS ORDERED** that the Clerk of Court shall prepare for defendants Overall, Etcheson, Seth, and Foster:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by plaintiff.  If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that

defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the

transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 1, 2017**

Judge Herndon
2017.03.01
15:55:30 -06'00'

**United States District Judge**