IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSEPH WILKINS,

    Plaintiff,

    v.                              Case No. 3:16-cv-01324-DRH-RJD

LILIAN OVERALL, STEPHANIE
ETCHASON, SETH TOWNSEND
and CRAIG FOSTER,

    Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction

Pending before the Court is a November 26, 2018 Report and Recommendation ("the Report") issued by Magistrate Judge Reona J. Daly (Doc. 109). Magistrate Judge Daly recommends that the Court grant in part and deny in part defendants' joint motion for sanctions (Doc. 100). Specifically, the Report recommends: (1) that plaintiff be ordered to reimburse counsel for defendant Overall the cost of the court reporter appearance in the amount of $139.50 by December 27, 2018 and that the failure to pay will result in the dismissal of his case for failure to obey a Court Order pursuant to Federal Rule of Civil Procedure 41(b); (2) that defendants be granted leave to reschedule the deposition of plaintiff and that plaintiff's failure to comply with Rule 30 and offer complete answers to each deposition question shall result in the dismissal of this action; (3) that the discovery deadline be extended to December 27, 2018 and (4) the dispositive

motion deadline be extended to January 17, 2019. The parties were allowed time to file objections to the Report. On December 14, 2018, Wilkins filed a pleading titled "motion to bring notice" which the Court construes as a general objection to the Report (Doc. 111). Based on the applicable law, the record and the following, the Court **ADOPTS** the Report in its entirety.

## Legal Standards

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id*. In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

An assessment of plaintiff's objection indicates that he mainly takes umbrage with the issue of the sanction. In fact, he does not contest the finding of the facts. He states that he receives $700.00 a month; that he was allowed to proceed in forma paupers in this case and that he cannot afford to pay for any sanctions. He also reiterates his medical problems and that he provided a legitimate reason why he could not attend his deposition. After reviewing the joint motion for sanctions, the Report and the objection, the Court finds no error or deficiency in either Judge Daly's findings of fact or conclusions of law. In fact, Judge Daly provided a sound analysis.

In the Report, Judge Daly found:

"In this case, while Plaintiff failed to comply with Rules 30 and 33, his conduct does not necessitate the severe sanction of dismissal at this time. While the medical records do not indicate that Plaintiff was hospitalized on the date of the scheduled deposition, they do indicate that when Plaintiff presented on September 9, 2018, he had been experiencing severe symptoms of paranoid schizophrenia for three days prior. Based on the review of the mental health records, it is questionable whether Plaintiff could have meaningfully participated in his deposition on September 7, 2018. Plaintiff, however, should have timely notified counsel for Defendants of his inability to attend the deposition. The Court has determined a monetary fine is an appropriate sanction."

(Doc. 109, p. 4). the Court finds no reason to doubt or find error in Judge Daly's determination and agrees with the Report.

## Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 109). The Court **GRANTS in part** and **DENIES in part** defendants' joint motion for sanctions (Doc. 100). The Court **ORDERS** the following:

1) that plaintiff must **REIMBURSE** counsel for defendant Overall the cost of the court reporter appearance in the amount of **$139.50 by December 27, 2018** and that the failure to pay **SHALL** result in the dismissal of his case for failure to obey a Court Order pursuant to Federal Rule of Civil Procedure 41(b);

2) that defendants are allowed to reschedule the deposition of plaintiff and that plaintiff is **WARNED** that the failure to comply with Federal Rule of Civil Procedure 30 and offer complete answers to each deposition question **SHALL** result in the dismissal of this action;

3) that the discovery deadline is extended to **December 27, 2018** and

4) the dispositive motion deadline is extended to **January 17, 2019**.

**IT IS SO ORDERED.**

Judge Herndon
2018.12.18 12:19:08
-06'00'

**United States District Judge**