IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPH WILKINS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 16-1324-NJR-RJD |
| LILLIAN OVERALL, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is now before the Court on Defendants' Joint Motion to Bar Plaintiff's Expert and Request for an Extension of the Dispositive Motion Deadline (Doc. 152). The motion is **GRANTED IN PART AND DENIED IN PART**.

### Background

Plaintiff Joseph Wilkins, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at Vandalia Correctional Center. In particular, Plaintiff alleges he was deprived of appropriate and timely dental care and retaliated against for filing grievances seeking such care. Following a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, Plaintiff is proceeding in this action on the following claims:

Count One: Overall and Etchason retaliated against Plaintiff for filing grievances by deliberately delaying dental treatment and medication for Plaintiff's emergency dental needs, pain, and suffering in violation of the First Amendment.

Count Two: Townsend was deliberately indifferent to Plaintiff's serious medical needs when he refused to allow him to see the dentist to acquire more pain medication after his pain medication ran out.

> Count Three: Overall, Etchason, and Foster were deliberately indifferent to Plaintiff's serious dental needs when they ignored his request slips for treatment, delayed treatment, refused to prescribe him pain medication, and refused to pull his teeth on an emergency basis.

The Court's initial scheduling and discovery order required discovery to be completed by March 8, 2018 and dispositive motions to be filed by April 5, 2018 (Doc. 49). Following the close of discovery, Plaintiff was assigned counsel (Doc. 125). Plaintiff, through counsel, filed a motion to reopen discovery that was granted in part, over Defendants' objections (Doc. 147). Discovery was to be completed by May 31, 2019. The discovery deadline was extended to July 26, 2019 on motion by Defendants to allow the parties to conduct depositions of the party Defendants and complete depositions of two third-party witnesses (Doc. 151).

On August 8, 2019, Defendants filed the motion to bar and extend the dispositive motion deadline that is now before the Court (Doc. 152). Plaintiff responded on August 9, 2019 (Doc. 153).

In their motion, Defendants complain that Plaintiff disclosed a retained expert, Dr. Sanford L. Barr, D.D.S., on July 26, 2019 at 4:32 p.m., just hours before the discovery cut-off. Defendants assert that Plaintiff's expert should be barred due to the late disclosure or, in the alternative, that discovery should be extended five months to allow sufficient time for Defendants to depose Dr. Barr and retain a rebuttal expert if they choose. In their motion, Defendants explain Plaintiff failed to supplement his answer to interrogatory No. 11 to identify his retained expert despite having a duty to do so. Further, Defendants assert Plaintiff's late disclosure precludes them from taking Dr. Barr's deposition and retaining experts of their own, resulting in unfair prejudice.

Plaintiff contends that their disclosure of Dr. Barr was proper pursuant to Federal Rule of Civil Procedure 26 as the scheduling order in this case did not include a deadline for disclosure of

expert reports. Plaintiff also argues that his disclosure of Dr. Barr should not have surprised Defendants as counsel indicated in late April and early May 2019 that he intended to disclose a dental expert witness. Moreover, Plaintiff asserts he is willing to cooperate in producing Dr. Barr for deposition. Plaintiff asserts that he has no objection to a reasonable extension of the discovery deadline to allow Defendants the opportunity to depose Dr. Barr and submit their own expert declaration.

**Discussion**

Federal Rule of Civil Procedure 26(a)(2)(D) directs each party to disclose its expert opinion reports "at the times and in the sequence that the court orders." In the absence of other directions from the court, the disclosures must be made at least 90 days before the date set for trial. FED. R. CIV. P. 26(a)(2)(D). Here, discovery was to be completed by July 26, 2019; however, no deadlines for expert discovery were ever set and no trial date is assigned. In *Sherrod v. Lingle*, a case relied on by Plaintiff, the Seventh Circuit considered how these circumstances (no trial date and no expert discovery deadlines) affect the expert report deadline, and found that the reports were due on the date discovery closed. 223 F.3d 605, 612-13 (7th Cir. 2000). However, other courts have concluded that disclosure of expert reports at the end of discovery, when there would be inadequate time for the opposing party to depose the expert or engage their own rebuttal expert, is an appropriate basis on which to exclude the expert report. *See Finwall v. City of Chicago*, 239 F.R.D. 494, 501 (N.D. Ill. May 31, 2006).

In this instance, given the absence of any specific deadline for expert discovery, the fact that no trial date is assigned, and the rather recent assignment of counsel for Plaintiff (who was proceeding *pro se* prior to January 2019), the Court **DENIES** Defendants' request to bar Plaintiff's expert. However, in the interest of justice, and due to the delay in Plaintiff's expert disclosure,

the Scheduling Order shall be amended to allow sufficient time for Plaintiff's expert to be deposed and for Defendants to disclose their experts, if they so choose. The Scheduling Order is therefore **AMENDED** as follows:

1. Depositions of Plaintiff's expert witness shall be taken by **November 1, 2019**.

2. Defendants' expert witnesses, if any, shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), by **November 29, 2019**.

3. Depositions of Defendants' expert witnesses shall be taken by **December 27, 2019**.

4. Discovery shall be completed by **January 6, 2020**.

5. Dispositive motions shall be filed by **February 3, 2020**.

**IT IS SO ORDERED.**

**DATED: October 3, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**