IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH WILKINS,<br><br>        Plaintiff,<br><br>v.<br><br>LILLIAN OVERALL, et. al,<br><br>        Defendants. | Case No. 16-cv-01324-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

      Before the Court is a Motion to File Documents Under Seal filed by Plaintiff Joseph Wilkins. (Doc. 169). Plaintiff requests that the Court seal two documents: Plaintiff's Motion for Partial Summary Judgment as to Defendant Lillian Overall and Wexford Health Sources Inc.'s Medical Guidelines filed as Exhibit L to the Motion for Partial Summary Judgment. Plaintiff states these documents contain information designated by third-party Wexford Health Sources, Inc. as "Confidential and Subject to Protective Order" under the Protective Order in place in this action. Plaintiff states he takes no position as to whether the information in these documents meets the standard to receive protection pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure.

      Motions to seal are disfavored, for there is a presumption that documents affecting the disposition of litigation should be open to public view. *E.g., Nixon v. Warner Commc'n., Inc.,* 435 U.S. 598, 597 (1978); *In re Sprecht*, 622 F.3d 697, 701 (7th Cir. 2010); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988). This right of access ensures public confidence and oversight, enabling "interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Goessel v. Boley Int'l, Ltd.*, 738 F.3d 831, 833

(7th Cir. 2013). There are exceptions to the public access rule but they are narrow, and the Court must determine that good cause exists prior to sealing any part of the record. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir.1999).

The Court does not find good cause to seal either document. Other than the fact that the Medical Guidelines were submitted as confidential pursuant to the Protective Order entered in this case, no arguments have been presented for why the Medical Guidelines and the Partial Motion for Summary Judgment, which references the Medical Guidelines, should be sealed. *See Union Oil Co. of Cal. v. Leavell,* 220 F. 3d 562, 567 (7th Cir. 2000) (noting that designating a document as confidential is not sufficient to establish good cause). The Seventh Circuit has held that "[i]nformation that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure." *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009). As Plaintiff uses the Medical Guidelines to demonstrate an element of his claim, the Court does not find good cause to keep the Medical Guidelines or the Partial Motion for Summary Judgment sealed.

Therefore, the Motion to File Documents Under Seal (Doc. 169) is **DENIED**. The Clerk of Court is **DIRECTED** to unseal the following documents: Doc. 169 and Doc. 175.

**IT IS SO ORDERED.**

**DATED:   February 18, 2021**

    *s/ Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**