**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JOSEPH WILKINS,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 16-cv-01324-SPM** |
| **LILLIAN OVERALL,** | |
| **Defendant.** | |

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

On February 18, 2021, the Court issued an order denying the Motion to File Documents Under Seal filed by Plaintiff Wilkins. (*See* Docs. 169, 189). In the motion to seal, Plaintiff asked the Court to seal two documents: Plaintiff's Motion for Partial Summary Judgment as to Defendant Lillian Overall and Wexford Health Sources Inc.'s Medical Guidelines ("Medical Guidelines") filed as Exhibit L to the Motion for Partial Summary Judgment. Plaintiff stated these documents contain information designated by third-party Wexford Health Sources, Inc. ("Wexford"), employer of Defendant Overall, as "Confidential and Subject to Protective Order" under the Protective Order in place in this action and that he took no position as to whether the information in these documents met the standard to receive protection pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure. Defendant Overall did not file a response to the motion. The Court did not find good cause to seal either document and denied the motion. (Doc. 189).

Pending before the Court is a motion requesting the Court to reconsider the order denying the motion to seal filed by Defendant Overall. (Doc. 191). Defendant argues that good cause exists to seal the Medical Guidelines as they are proprietary trade secrets.

## LEGAL STANDARDS

### I. Reconsideration

Under Rule 54(b), the Court may revise any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). *See also Ahmed v. Ashcroft,* 388 F. 3d 247, 249 (7th Cir. 2004).

### II. Sealing Portions of the Judicial Record

As the Court has stated, motions to seal are disfavored. (*See* Doc. 189, p. 1 ). "The parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F. 3d 943, 944 (7th Cir. 1999). Therefore, there is a presumption that "[d]ocuments that affect the disposition of federal litigation" should be open to public view. *In re Specht*, 622 F.3d 697, 701 (7th Cir.2010). *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). This presumption supports public confidence in the judiciary by enabling oversight and facilitating the understanding of judicial decisions. *See Gonzales v. Home Nursery Inc.*, No. 14-cv-1140-MJR-DGW, 2016 WL 6705447, at *1 (S.D. Ill. Sept. 22, 2016) (citing *Goessel v. Boley Int'l, Ltd.,* 738 F.3d 831, 833 (7th Cir. 2013)). Public interest in the judicial process, however, can be overridden if the movant demonstrates "good cause for sealing a part or the whole of the record[.]" *Citizens,* 178 F. 3d at 945. The Seventh Circuit has "insisted that litigation [is to] be conducted in public to the maximum

extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F. 3d 346, 348 (7th Cir. 2006), abrogated on other grounds by *RTP LLC v. Orix Real Estate Capital, Inc*., 827 F.3d 689, 692 (7th Cir. 2016). Thus, "[e]ven in cases involving substantial countervailing privacy interests such as state secrets, trade secrets, and attorney-client privilege, courts have opted for redacting instead of sealing the order or opinion." *Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020).

## ANALYSIS

In the motion, Defendant argues that the Partial Motion for Summary Judgment and the Medical Guidelines contain proprietary trade secrets about treating patients within the correctional setting, which is sufficient grounds for filing the materials under seal. (Doc. 191, p. 3). Defendant contends that information contained in the Medical Guidelines has long been held to constitute trade secrets deserving of protection via protective orders and "even shielded from disclosure under the Illinois Freedom of Information Act." (*Id.* at p. 3). She supports this argument by citing to *Sergio v. Illinois Department of Corrections,*[1] an Illinois state case, in which the Seventh Judicial Circuit held that the Medical Guidelines were exempt from disclosure under the Illinois Freedom of Information Act ("FOIA"), 5 ILCS 140/7(g), because of their proprietary nature. (*Id.*) (citing *Sergio, v. Ill. Dep't of Corr*., 2015-MR-683 (Ill. Cir. Ct. Nov. 14, 2017)). Finally, Defendant argues that the Court has already ruled that good cause exists to seal the document, when it recognized the proprietary nature of the information sought in discovery and entered a protective order in this case. (*Id.* at p. 2).

Following the filing of the Motion for Reconsideration, Plaintiff filed a response iterating that he takes no position as to whether the information in the documents at issue meet the standard

---

[1] Defendant indicates that the Sangamon County case caption contains a typographical error, and the correct spelling of the plaintiff's surname is "Serio." (Doc. 193, p. 2 n. 1).

for protection under Rule 26(c)(1). (Doc. 192). Defendant then filed a reply, stating that since the filing of the Motion for Reconsideration, she obtained additional documentation not available at the time the motion was filed. Therefore, exceptional circumstances exist for the filing of a reply brief. (Doc. 193). She has provided the affidavit of Joe Ebbitt, Director of Risk Management, HIPAA Compliance, and Legal Affairs for Wexford. (Doc. 193-1, p. 1-3). Ebbitt states that the information in the Medical Guidelines include detailed protocols, procedures, and forms that provide unique and concrete methodologies that enable Wexford personnel to deliver effective medical care to inmates in the unique and challenging environment presented by public correctional facilities. He confirms that the Medical Guidelines in this case are substantially similar to those at issue in the *Sergio* case before the Illinois court.

Defendant's motion does not meet the limited function of a motion for reconsideration, which is to "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale*, 90 F.3d at 1269. Rather, Defendant incorrectly uses the Motion for Reconsideration to put forth arguments and present evidence that could have been presented prior to the ruling on the Motion to File Documents Under Seal. *See United States v. Resnick,* 594 F. 3d 562, 568 (7th Cir. 2010) (holding that a motion for reconsideration is not a vehicle for introducing new evidence or advancing "arguments that could and should have been presented" prior to the court's ruling).

It is not clear why Defendant did not put forth any arguments prior to the Court ruling on the Motion to File Documents Under Seal. Defendant's argument that the Court has already found good cause to seal parts of the record because the documents were submitted pursuant to the Court's Protective Order is mistaken. There are significant differences between documents disclosed through discovery and documents that are actually filed with the Court and become part of the judicial record. "While the public has a presumptive right to access discovery materials that

are filed with the court…the same is not true of materials produced during discovery but not filed with the court." *Bond v. Utreras,* 585 F. 3d 1061, 1073 (7th Cir. 2009). *See also Baxter Int'l,* 297 F. 3d at 545 (stating that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record"). "[P]retrial discovery, unlike the trial itself, is usually conducted in private. *Citizens,* 178 F. 3d at 944. Accordingly, the "showing of 'good cause' that is adequate to protect discovery material from public disclosure cannot alone justify protecting such material after relied upon by the parties to advance their arguments and claims in court." *Little v. Mitsubishi Motor Mfg. of America,* No. 04-1034, 2006 WL 1554317, at *2 (C.D. Ill. June 5, 2006) (citing *Poliquin v. Garden Way*, 989 F.2d 527, 533 (1st Cir.1993)). *See also Citizens,* 178 F. 3d at 945 (holding that a judge "may not rubber stamp a stipulation to seal the record"). As stated in the Protective Order, the Court is to make an "individualized determination of whether any such document[s] or information can be filed under seal." (Doc. 149, p. 3).

Additionally, the Court does not find that the affidavit of Joe Ebbitt submitted by Defendant is newly discovered evidence for the purpose of reconsideration. Joes Ebbitt states that he provided a similar affidavit in the *Sergio* case, which was ruled on over three years ago, and Defendant has not explained why the information was "not available" at the time the Motion for Reconsideration was filed.

Nevertheless, the Court finds that reconsideration is still warranted. *See Sims v. EGA Products, Inc.,* 475 F. 3d 865, 870 (7th Cir. 2007) (Cudahy, R., concurring) ("nonfinal orders are generally modifiable"). Pursuant to the information provided by Defendant, which is not in dispute, the policies contained in the Medical Guidelines were developed by Wexford at substantial monetary expense using a team of industry experts. These policies are unique and tailored to the provision of medical care in correctional facilities. As observed by the Illinois circuit court, they "go into great detail on how to provide treatment to individuals who are incarcerated[.]"

*Sergio,* 2015-MR-683. Wexford uses the Medical Guidelines to gain an advantage in competing with other private healthcare companies that also contract with states to provide healthcare to inmates, and disclosure of the policies would cause competitive harm. In light of this information, Defendant has sufficiently demonstrated that Exhibit L, the Medical Guidelines, contains information that qualify as trade secrets and that Wexford will incur undue harm if the information remains accessible to the public. *See 3M v. Pribyl,* 259 F. 3d 587, 595 (7th Cir. 2001) (holding that "[a] trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process, design and operation of which, in unique combination, affords a competitive advantage and is a protectable secret"); *SmithKline Beecham Corp. v. Pentech Pharm., Inc*., 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (maintaining a document under seal where public disclosure of the information would effectively afford other firms an unearned competitive advantage).

Accordingly, the Court concludes that good cause exists to seal Exhibit L, the Medical Guidelines. Good cause, however, "does not extend to those portions of the records so relevant to [a party's argument or] claim that they have been cited or quoted by the parties in other documents." *Chapman v. Raemisch,* No. 05-C-1254, 2009 WL 425813 at *7 (E.D. Wisc. Feb. 20, 2009). *See also Cty. Materials Corp. v. Allan Block Corp.,* 502 F. 3d 730, 739 (7th Cir. 2007) ("[s]ecrecy persists only if the court does not use the information to reach a decision on the merits") (internal citations and quotations omitted). Therefore, the Court will direct Plaintiff to refile redacted versions of page 6 and page 7 of the Medical Guidelines (Doc. 169-2), which are referenced by Plaintiff in his dipositive motion.

**DISPOSITION**

For the reasons stated above, the Court **GRANTS** the Motion for Reconsideration and **VACATES** the Order denying the Motion to File Documents Under Seal. (Doc. 189). The Motion

to File Documents Under Seal is **GRANTED in part**. (Doc. 169). The Motion for Partial Summary Judgment filed by Plaintiff will remain unsealed. The Clerk of Court is **DIRECTED** to **SEAL** Exhibit L, the Medical Guidelines (Doc. 169-2). Plaintiff is **DIRECTED** to refile, as exhibits to the Motion for Partial Summary Judgment, Doc. 175, the following: (1) page 6 of Doc. 169-2, with all the information redacted *excluding the first paragraph under "Classification V;"* and (2) page 7 of Doc. 169-2, with all the information redacted *excluding all of paragraph D, "Oral Surgery."*

      **IT IS SO ORDERED.**

      **DATED:   March 4, 2021**

                                              *s/Stephen P. McGlynn*
                                             **STEPHEN P. MCGLYNN**
                                             **United States District Judge**