IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH WILKINS,<br><br>    Plaintiff,<br><br>v.<br><br>LILLIAN OVERALL,<br><br>    Defendants. | Case No. 16-cv-01324-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

   This matter is before the Court on a motion to appoint and substitute James Pogue as special representative of Joseph Wilkins. (Doc. 209). After ruling on the motions for summary judgment, court recruited counsel for Plaintiff Joseph Wilkins, Nathan Eimer, filed a suggestion of death, notifying the Court that Joseph Wilkins had passed away. (Doc. 203). Counsel then served Wilkins's next of kin, his mother, Rita Kirlew, and his brother, James Pogue, with the suggestion of death on May 11, 2021. On August 9, 2021, Counsel Eimer filed this motion asking the Court to appoint James Pogue as special representative for the purpose of prosecuting Wilkins's surviving legal claim[1] and substitute Pogue as Plaintiff in Wilkins's stead. Defendant Overall did not file a response in opposition.

   Rule 25(a) of the Federal Rules of Civil Procedure provides:

   If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

---

[1] Following summary judgment, Wilkins is proceeding on an Eighth Amendment claim against Defendant Overall for deliberate indifference to serious dental needs. (Doc. 201).

In accordance with the Rule 25, Wilkins's Eighth Amendment claim of deliberate indifference is not extinguished by his death, and the motion to substitute was timely filed. *See Bennet v. Tucker,* 827 F. 2d 63, 68 (7th Cir. 1987); *Anderson v. Romero,* 42 F. 3d 1121, 1123 (7th Cir. 1994); *Estrada v. Hamby*, N. 04-434-CJP, 2010 WL 333701, at *1 (S.D. Ill. Jan. 26, 2010) (observing that it "is settled that a civil rights claim brought under 42 U.S.C. § 1983 is a claim that survives under the Illinois Survival Act, 755 ILCS 5/27-6"). That leaves the Court with the decision of whether James Pogue is a "proper party" for the purpose of substitution and prosecuting Wilkins's surviving claim. FED. R. CIV. P. 25(1)(1).

In making this determination, the Court looks to Illinois state law. *See also Anderson,* 42, F. 3d at 1123 (the Seventh Circuit using state law to determine whether an individual is a "proper party" for substitution); *Tucker v. Mitchell-Lawshea,* No. 17 CV 05883, 2019 WL 1057384, at *3-4 (N.D. Ill. Mar. 6, 2019) (finding that the district court had the authority to appoint a special representative under Illinois law); *Wolter v. Anselmo Lindberg Oliver, LLC,* No. 16 C 4205, 2017 WL 11559026, at * 1 (N.D. Ill. Arp. 27, 2017) ("whether the proposed party is a 'proper party' is substantive, however, and is determined by state law"); *Mitchell v. LVNV Funding, LLC*, No. 12-CV-523-TLS, 2020 WL 614645, at *3 (N.D. Ind. Feb. 10, 2020) (recognizing that many courts in and outside this circuit "have held that state law should be used to resolve issues related to substitution"). Normally, the proper party is the "personal representative of the party who has died." *See Atkins v. City of Chi.,* 71 F. 3d 869, 870 (7th Cir. 2008). Under Illinois law, however, when "no petition for letters of office for the decedent's estate has been filed, the court may appoint a special representative for the deceased for the purpose of prosecuting the action." 735 ILCS 5/2-1008(b).

James Pogue is the brother of the deceased, and no objections have been raised regarding his substitution. At this point, the Court finds no reason why he cannot be considered a proper

party and serve as special representative. As this case has survived summary judgment, it is reasonable to compel the parties to proceed on the merits and in the interest of justice. *See Wolinsky v. Kadison,* 987 N.D. 2d 971, 987-88 (2013) (noting that an overriding consideration when determine whether there was error in permitting a party substitution under 2-1008(b) is "whether substantial justice is being done between the litigants"). Accordingly, the motion is **GRANTED**. The assignment of Counsel Nathan Eimer, transfers to James Pogue, now the Plaintiff in this case.

    **IT IS SO ORDERED.**

    DATED:   October 8, 2021

                                          *s/Stephen P. McGlynn*
                                          **STEPHEN P. MCGLYNN**
                                          **United States District Judge**